# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

OTIS EARL WINDHAM, # 10746                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 5:12cv77-DCB-JMR

WILKINSON COUNTY CORRECTIONAL
FACILITY                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Plaintiff Otis Earl Windham's Complaint [1] and Response [7]. He is incarcerated with the Mississippi Department of Corrections and brings this action, pursuant to 42 U.S.C. § 1983, for an alleged wrongful Rule Violation Report ("RVR"). The Court has considered and liberally construed the pleadings. As set forth below, the Court holds the case should be dismissed.

## BACKGROUND

On June 1, 2012, Plaintiff filed the instant action. He is currently housed at the Wilkinson County Correctional Facility. He alleges that on December 3, 2011, he was alone in his cell when a fight broke out among other prisoners, outside of the cells. Despite the fact that he stayed in his cell and did not participate, Corrections Officer E. Beauchamp wrote an RVR on Plaintiff, accusing him of fighting. The surveillance footage allegedly exonerates him and was witnessed by several unnamed staff members. He was nevertheless found guilty of the rule violation by Yolanda Byrd. He claims, "Mrs. Byrd found me guilty as she was sitting there laughing, and said off the record, she knew I was not fighting. . . ." Resp. [7]. As a result, he was punished with a 30 day loss of canteen privileges, and "this stayed on [his] record." *Id.*

Plaintiff claims all prison staff violated his rights by intentionally fabricating evidence

and falsifying the finding of guilt. He seeks compensatory, nominal, and punitive damages for the resulting alleged emotional and constitutional injuries. Further, he appears to seek expungement of the RVR.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

S̲ECTION̲ 1983

Plaintiff brings due process claims under 42 U.S.C. 1983 for alleged fabricated evidence and a knowingly false RVR. He claims that he was wrongly punished for fighting, even though prison staff knew or should have known that he was not. The RVR cost him canteen privileges

2

and is still on his record.

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. *Id.* at 953-54, 958. To maintain a procedural due process claim, Plaintiff must show that the RVR either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Plaintiff does not allege that the RVR affected or will inevitably affect his sentence. Rather, he complains that he was subject to thirty days loss of canteen privileges. This loss of canteen privileges is not an atypical or significant hardship on the inmate. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding 30 day loss of commissary plus 30 day segregation did not implicate due process). This case is therefore dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

STATE LAW CLAIMS

To the extent Plaintiff asserts state law claims, they invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the Section 1983 claims, it declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Otis Earl Windham's Section 1983 claims should be and are hereby

3

**DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B). This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g). The state law claims are **DISMISSED WITHOUT PREJUDICE**. A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

  **SO ORDERED**, this the 5th day of July, 2012.

        s/David Bramlette
        UNITED STATES DISTRICT JUDGE